# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5197 | **DATE** | 3/21/2002 |
| **CASE TITLE** | VERLILER JOHNSON vs. EQUICREDIT CORP. OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/5/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court denies BAC and Equicredit's motions to dismiss [18-1, 21-1] and grants plaintiff's motion to strike [27-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 2 2002 date docketed | 39 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VERLILER JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EQUICREDIT CORP. OF AMERICA; ) <br> EQUICREDIT CORP. OF ILLINOIS; ) <br> BANK OF AMERICA CORP., and ) <br> THE LOAN PROFESSIONALS, INC., ) <br> ) <br> Defendants. ) | Judge Ronald A. Guzmán <br><br> 01 C 5197 |

**DOCKETED**
MAR 2 2 2002

## MEMORANDUM OPINION AND ORDER

This case involves alleged fraudulent and discriminatory lending practices in connection with mortgage loans processed by Equicredit Corp. of America and Equicredit Corp. of Illinois (collectively "Equicredit"), Bank of America Corp. ("BAC"), and The Loan Professionals. Verliler Johnson ("Johnson") has sued defendants for alleged violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA") (Count I), 12 U.S.C. § 2601 *et seq.*, the Illinois Consumer Fraud Act, 815 ILL. COMP. STAT. 505/2 (Count II), for breach of fiduciary duty (Count III), inducement of a breach of fiduciary duty (Count IV), and conspiracy (Count V), for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* (Count VI), 42 U.S.C. § 1981 ("section 1981") (Count VII), and the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* (Count VIII). Equicredit has moved to dismiss Counts IV-VII and BAC has moved to dismiss Count I as well as Counts VI-VIII pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Johnson has moved to strike the documents attached to

39

Equicredit's motion to dismiss. For the reasons provided in this Memorandum Opinion and Order, plaintiff's Motion to Strike is granted, and Equicredit and BAC's motions are denied.

## FACTS

On January 5, 2001, plaintiff Verliler Johnson obtained a $45,050.00 subprime mortgage loan from Equicredit (which includes Equicredit Corporation of America and its subsidiaries). (Compl. ¶¶ 14, 18.) The disclosed annual percentage rate was 14.1642%. (*Id.* ¶ 18.) The Loan Professionals, Inc. arranged the transaction for the plaintiff. (*Id.* ¶ 19.) It received from the plaintiff a broker fee of $2,632.00, or 5.84% of the loan principal, paid from the loan proceeds. (*Id.* ¶ 22.) In addition, Equicredit paid The Loan Professionals, Inc. a "yield spread premium" of $450.00 or 1% of the loan principal. (*Id.* ¶ 23.)

The effect of the "yield spread premium" on the amount that the borrower pays is substantial. (*Id.* ¶ 29.) Plaintiff did not understand the effect of the yield-spread premium. (*Id.* ¶ 30.) In connection with the January 5, 2001 transaction, Equicredit paid, and The Loan Professionals, Inc. received, money for referring business and convincing the borrower to pay high interest rates. (*Id.* ¶ 28.)

The Bank of America Corp. and Equicredit allegedly discriminated against Verliler Johnson on the basis of race by contracting with her on terms and conditions less favorable than similarly situated Caucasian borrowers obtain from Bank of America. (*Id.* ¶ 130.) Equicredit Corp. of America, which is owned by Bank of America Corp., is a parent corporation of Equicredit Corp. of Illinois. (*Id.* ¶ 7.)

In the Chicago metropolitan area, Equicredit allegedly makes loans almost exclusively in minority areas, while the Bank of America entities make loans in predominantly Caucasian

areas. (*Id.* ¶ 35.) Equicredit allegedly imposes unfair credit terms on the borrowers to whom it makes loans, including high interest rates, in part secured through the payment of yield spread premiums to brokers to obtain loans at such rates. (*Id.* ¶ 36.)

## DISCUSSION

On a motion to dismiss pursuant to Rule 12(b)(6), defendant must satisfy a stringent standard in order to have a complaint dismissed for failure to state a claim. *See Wilstein v. San Tropai Master Ass'n*, No. 98 C 6211, 1999 WL 262145, at *6 (N.D. Ill. Apr. 22, 1999). Thus, the reviewing court "take[s] the allegations in the complaint to be true and view[s] them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiffs." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. RESPA Claim (Count I)

BAC has moved to dismiss Count I, plaintiff's RESPA claim. Upon examination of the Complaint, the Court finds that plaintiff raises this claim with respect to Equicredit and The Loan Professionals, Inc., but not BAC. (*See* Compl. ¶¶ 39-52 (stating "plaintiff request[s] that the Court enter judgment in favor of plaintiff and the classes and against The Loan Professionals, Inc. and Equicredit").) The Court's view of the Complaint is bolstered by the fact that plaintiff opted to ignore BAC's motion to dismiss Count I in its response brief to BAC's motion to

3

dismiss. Accordingly, because it appears that plaintiff does not seek to hold BAC liable with regard to Count I, BAC's motion to dismiss that count as to BAC is granted.

Even if plaintiff had not conceded this point and the Court were to read the Complaint as including BAC in the RESPA claim, the Court would still reach the same conclusion. Congress enacted RESPA to protect home buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a). Specifically, Congress intended to eliminate "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2602(b)(2). RESPA prohibits providers of settlement services from paying referral fees and kickbacks, as follows:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

*Id.* § 2607(a). A "settlement service" is "any service provided in connection with a prospective or actual settlement." 24 C.F.R. § 3500.2(b).

Plaintiff alleges in Count I of her Complaint that Equicredit paid, and The Loan Professionals, Inc. received a $450.50 broker fee for referring business and convincing the borrower to pay high interest rates. (Compl. ¶¶ 23, 28.) Plaintiff alleges that Equicredit is a subsidiary of BAC. (*Id.* ¶ 7.)

BAC argues that plaintiff's RESPA claim fails because she does not allege that it paid or received any fees in relation to the referral of a settlement service. The Court agrees. Under 12 U.S.C. § 2602(b)(2), it clearly states that RESPA applies to parties that have "received" or "given" fees or kickbacks in relation to the referral of settlement

4

services. Plaintiff does not allege that BAC received or gave any fees or kickbacks. Plaintiff merely states that BAC is the parent corporation of its subsidiary, Equicredit. Even assuming this alleged fact is true, Johnson does not even hint that she seeks to hold BAC liable for Equicredit's conduct by piercing the corporate veil. Thus, the allegations in Count I are not enough to state a sufficient RESPA claim against BAC . Accordingly, the Court grants BAC's motion to dismiss Count I.

**B. Induced Breach of Fiduciary Duty and Conspiracy (Counts IV & V)**

In support of her claims for inducement of a breach of fiduciary duty and conspiracy, plaintiff alleges that her mortgage broker, The Loan Professionals, Inc., should have disclosed the facts that they "were receiving money from the other party (Equicredit) to the transaction, that would in turn increase the interest rate, and the pecuniary impact of the payment." (Compl. ¶¶ 87-89.) Equicredit has moved to dismiss those claims because The Loan Professionals, Inc. disclosed that it would receive additional compensation from Equicredit, as evidenced by the "Mortgage Broker/Borrower Agreement" and a "Mortgage Origination Agreement" attached to Equicredit's motion to dismiss. Plaintiff has moved to strike those documents because she argues that examination of those documents is inappropriate on a motion to dismiss.

Under the Federal Rules of Civil Procedure, the Court cannot look at such documents on a motion to dismiss. "Documents attached to the complaint are considered part of the pleadings for purposes of a motion to dismiss." *Caraluzzi v. Prudential Secs., Inc.,* 824 F. Supp. 1206, 1210 n.1 (N.D. Ill. 1993). "[A] district court must limit itself to

5

facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2nd Cir. 1991).

The documents defendants would like the Court to consider were neither attached to the Complaint nor incorporated in the Complaint by reference. However, defendants nonetheless argue that the Court should consider these other documents.

In support, defendants rely on *Caraluzzi v. Prudential Secs., Inc.,* 824 F. Supp. 1206, 1210 n.1 (N.D. Ill. 1993), which, in turn, relied solely on *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2nd Cir. 1991). This Court finds that the *Kramer* exception to the general rule that a court may only consider documents attached to the complaint or incorporated by reference in the complaint does not apply to the case at hand. In *Kramer*, the court "fashion[ed] a clear rule governing the consideration of publicly filed disclosure documents when deciding motions to dismiss securities fraud actions." *See Kramer,* 937 F.2d at 773. The reasoning behind this exception was that "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *See id.* at 774 (quoting FED. R. EVID. 201(b)(2)). The *Kramer* court further stated that its holding "relates to public disclosure documents required by law to be filed, and actually filed, with the SEC, and not to other forms of disclosure." *Id.*

Because the "Mortgage Broker/Borrower Agreement" and "Mortgage

Origination Agreement" are not publicly filed documents whose accuracy cannot reasonably be questioned, the Court finds defendants' argument unpersuasive. Therefore, the Court will not consider those documents, and plaintiff's motion to strike defendants' attached documents is granted. Because Equicredit's argument in support of the dismissal of Counts IV and V rests solely on the Court's consideration of such documents, its motion to dismiss these counts is denied.

## C. Equal Credit Opportunity Act Claim (Count VI)

Both BAC and Equicredit have moved to dismiss plaintiff's ECOA claim. BAC argues that plaintiff fails to allege it is a "creditor" as defined by the ECOA, while Equicredit argues that plaintiff's complaint fails to allege sufficient facts to provide it with minimal notice of the claim.

The Equal Credit Opportunity Act provides "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a)(1). Under 15 U.S.C. § 1691(e) the ECOA states that:

> The term "creditor" means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

15 U.S.C. § 1691(e). Furthermore, "Regulation B, promulgated by the Federal Reserve Board pursuant to the ECOA, defines 'creditor' as 'a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit.'" *S & G Petroleum Co.*

7

*v. Brice Capital Corp.*, Civ. A No. 92-5078, 1993 WL 22182, at *2 n.5 (E.D. Pa. Jan. 26, 1993) (quoting 12 C.F.R. § 202.2(l)).

Viewing all pleaded facts as true and reading all inferences in the plaintiff's favor, Johnson alleges that BAC conducts a mortgage origination business and has schemed to direct its "prime" mortgage transactions through BAC subsidiaries in neighborhoods primarily comprised of Caucasians and its "subprime" mortgage transactions, which impose unfair and predatory credit terms, through Equicredit subsidiaries in neighborhoods comprised primarily of minorities. (Compl. ¶¶ 32-38.) Johnson claims that "defendants discriminated against plaintiff on the basis of race and color in violation of 15 U.S.C. § 1691(a)." (*Id.* ¶ 111.) These facts and inferences drawn therefrom are sufficient to state an ECOA claim against BAC because Johnson has alleged that BAC is an entity that regularly arranges for the extension of credit.

Further, these facts are sufficient to state a claim against Equicredit. The reasonable inference from the facts as pleaded is that, all other things being equal (such as credit history), Equicredit targets neighborhoods comprised primarily of minorities and imposes predatory credit terms on them, which results in discrimination based on race and color. Under the notice pleading standard of the Federal Rules of Civil Procedure, Johnson's allegations are sufficient to put Equicredit on notice of her ECOA claim.

In light of the liberal notice pleading standard utilized on a motion pursuant to Rule 12(b)(6), the Court finds without merit defendants' arguments in support of their motion to dismiss Johnson's ECOA claim. Accordingly, BAC and Equicredit's motions to dismiss Count VI are denied.

### D. Section 1981 Claim (Count VII)

BAC has moved to dismiss Johnson's section 1981 claim against it because it argues that she has not alleged that it engaged in any discriminatory practice. Equicredit has moved to dismiss the section 1981 claim because it argues that Johnson does not allege intentional discrimination and does not allege that she is a member of a racial minority.

Section 1981 guarantees to all persons in the United States "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). As amended by the Civil Rights Act of 1991, the phrase "to make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

Johnson alleges that "defendants purposefully discriminated against plaintiff on the basis of race, by contracting with her on terms and conditions less favorable than similarly situated Caucasian borrowers obtain from 'Bank of America' entities." (Compl. ¶ 121.) Johnson alleges that BAC, through its subsidiary Equicredit, targets minority neighborhoods for predatory lending based solely on race. (*Id.* ¶¶ 32-38.) Contrary to BAC and Equicredit's averments otherwise, these allegations and the inferences raised by them sufficiently state a claim against both BAC and Equicredit for a violation of section 1981.

Pursuant to Rule 12(b)(6), Johnson simply has to state a claim upon which relief may be granted. Under the notice pleading standard of the Federal Rules of Civil Procedure, the mere allegation that defendants purposefully discriminated against Johnson based on race enables the Complaint to withstand defendants' motions to dismiss. Whether Johnson may be able to establish as a matter of law that BAC and Equicredit are liable for violations of section 1981 is

9

not before us on a motion to dismiss. Such is the purpose of summary judgment. Therefore, defendants' motion to dismiss Count VII is denied.

### E. Fair Housing Amendments Act Claim (Count VIII)

Both BAC and Equicredit have moved to dismiss Johnson's FHA claim. According to 42 U.S.C. § 3605, "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." To state a *prima facie* case of racial discrimination under 42 U.S.C. § 3605, a plaintiff must establish: "(1) that she is a member of a protected class; (2) that she applied for and was qualified for a loan; (3) that the loan was rejected despite her qualifications; and (4) that the defendants continued to approve loans for applicants with qualifications similar to those of the plaintiff." *Latimore v. Citbank, F.S.B.*, 979 F. Supp. 662, 665 (N.D. Ill. 1997).

BAC argues that Johnson has failed to allege that she contracted with BAC, and absent such an allegation BAC cannot be held liable for Equicredit's alleged section 1981 violations. The Court disagrees. Reading Johnson's allegations as true and drawing all inferences in her favor, she alleges that BAC, through its BAC subsidiaries and Equicredit subsidiaries, schemed to provide different types of loans depending on the racial demographics of the area in which the borrower resides. Thus, she is not attempting to hold BAC accountable for its subsidiaries' actions, but rather for its own

10

actions which allegedly caused her to contract with Equicredit for a subprime mortgage loan.

Equicredit argues that Johnson has not explicitly alleged whether she is a member of a protected class, and both Equicredit and BAC argue that Johnson fails to allege that she was denied better interest rates than a similarly situated Caucasian borrower. Accordingly, they argue, the Complaint must be dismissed.

Plaintiff alleges that BAC and Equicredit "discriminate on the basis of race, color and national origin." (Compl. ¶ 37.) Plaintiff claims that BAC and Equicredit discriminated against her by contracting with her on terms and conditions less favorable than similarly situated Caucasian borrowers obtain from Bank of America entities. (*Id.* ¶ 130.) Plaintiff attempts to illustrate the scheme by providing percentages of the types of loans given by the Equicredit and Bank of America subsidiaries in different areas of the Chicago metropolitan area, alleging that the Equicredit entities "make[] loans almost exclusively in minority areas, while the Bank of America entities make loans in predominantly Caucasian areas." (*Id.* ¶ 35.) Johnson alleges that she "was one of the individuals discriminated against." (*Id.* ¶ 38.) These allegations must be taken as true and viewed in the light most favorable to the plaintiff. Although Johnson does not explicitly state that she is a member of the protected class, the inferences raised by her allegations are sufficient to conclude that she is, at least at this stage of the litigation. Further, it is clear that Johnson is alleging that all other things being equal, the terms and conditions of her mortgage loan from Equicredit were less favorable than those of *similarly situated* Caucasian borrowers contracting with Bank of America entities.

Because it is clear that plaintiff's allegations are sufficient to state a claim under 42 U.S.C. § 3605, defendants' motions to dismiss are denied.

## CONCLUSION

For the foregoing reasons, the Court denies BAC and Equicredit's motions to dismiss [doc. nos. 18-1 and 21-1] and grants plaintiff's motion to strike [doc. no. 27-1].

**SO ORDERED**                          ENTERED: 3/21/02

_Ronald A. Guzman_
**HON. RONALD A. GUZMAN**
**United States Judge**